```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
BRUCE BEHRENS, et al.,                                   :
                        Plaintiffs,                      :
                                                         :
        -v-                                              :
                                                         :   16-cv-5508 (VSB)
                                                         :
JPMORGAN CHASE BANK N.A., et al.,                        :   **OPINION & ORDER**
                                                         :
                        Defendants.                      :
                                                         :
-------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/9/2021

Appearances:

Susan J. Levy
Susan J. Levy, Esq.
New York, NY
*Counsel for Plaintiffs*

Eric R. Sherman
Dorsey & Whitney LLP
Minneapolis, MN

Dai Wai Chin Feman
Dorsey & Whitney LLP
New York, NY
*Counsel for Defendant U.S. Bank National Association*

Christopher J. Houpt
Lisa R. Blank
Victoria Whitney
Mayer Brown LLP
New York, NY

Thomas S. Kiriakos
Sean T. Scott
Tyler R. Ferguson
Mayer Brown LLP
Chicago, IL
*Counsel for Defendant JPMorgan Chase Bank, N.A.*

Abby F. Rudzin
O'Melveny & Myers LLP
New York, NY
*Counsel for Defendants Chicago Mercantile Exchange Inc., and CME Group Inc.*

Julie Negovan
Grieising Law, LLC
Brooklyn, NY
*Counsel for Defendants Perry Comeau and Russell Wasendorf, Jr.*

Lisa L. Shrewsberry
Traub Lieberman Straus & Shrewsberry LLP
Hawthorne, NY
*Counsel for Defendant Paul Thomas*

Gregory Boyle
Kevin Murphy
Jenner & Block LLP
Chicago, IL

Adam Unikowsky
Jenner & Block LLP
New York, NY
*Counsel for Defendant National Futures Association*

Nicholas A. Caputo
Caputo & Popovic, P.C.
Chicago, IL

Louis V. Fasulo
Fasulo, Braverman & DiMaggio LLP
New York, NY
*Counsel for Defendant Millennium Trust Company, LLC*

<u>VERNON S. BRODERICK,</u> United States District Judge:

   On March 31, 2019, I issued an Opinion and Order in which, among other things, I dismissed the SAC[1] against the MTD Defendants on the grounds that "Plaintiffs' federal claims . . . are time-barred," which I found left me without sound reason to exercise supplemental

---

[1] Unless otherwise noted, this Opinion & Order uses terms as defined in the March 31, 2019 Opinion & Order. Familiarity with that prior Opinion & Order is presumed throughout.

2

jurisdiction "over Plaintiffs' state law claims." *Behrens v. JPMorgan Chase Bank N.A.*, No. 16-cv-5508 (VSB), 2019 WL 1437019, at *3 (S.D.N.Y. Mar. 31, 2019) (the "March '19 Opinion"). Now before me are Plaintiffs' motion for reconsideration, (Doc. 241), and various Defendants' (whom I will call the "Reconsideration Defendants")[2] cross-motions for reconsideration of portions of the March '19 Opinion. For the reasons that follow, all motions for reconsideration are DENIED.

## I.     Legal Standard

"Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MD-2543 (JMF), 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021) (quoting *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012)). "Generally, a party seeking reconsideration must show either 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Phx. Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, 14-CV-10116 (VSB), 2020 WL 4699043, at *1 (S.D.N.Y. Aug. 12, 2020) (quoting *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701–02 (S.D.N.Y. 2011)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'. . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ.

---

[2] These Defendants are Exchange and CME Group (Doc. 248) and NFA (Doc. 251).

690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) ("[A] party may not advance new facts, issues or arguments not previously presented to the Court.") (internal quotation marks omitted). "Rather, 'the standard for granting [the motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Where the motion "merely offers substantially the same arguments . . . offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Silverman v. Miranda*, 06 Civ. 13222 (ER), 2017 WL 1434411, at *1 (S.D.N.Y. Apr. 10, 2017) (internal quotation marks omitted). The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

## II.   Discussion

Plaintiffs argue that I should reconsider my prior finding that their federal claims were untimely. The Reconsideration Defendants argue that I should reconsider my prior dismissal of the state law claims asserted against them for lack of supplemental subject matter jurisdiction. They say that I had original jurisdiction over these claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), (Doc. 249, at 8), even though they concede that no party "previously discussed" "CAFA jurisdiction," (Doc. 262, at 2). Using their motion for reconsideration as the vehicle, they seek to have me assert jurisdiction over these claims, dismiss them on the merits for being untimely, and issue a final judgment in favor of the Reconsideration Defendants pursuant to Rule 54(b). (*Id.* at 12).

I address the motions of the parties in turn.

A. *Plaintiffs' Reconsideration Motion*[3]

First, Plaintiffs argue that their "RICO claim" should be deemed not to have accrued "until at least July 14, 2012," or at minimum that this claim was timely given how time is counted under Federal Rule of Civil Procedure 6. (Doc. 241-1, at 6–8.) Specifically, Plaintiffs' claim that I held "that the RICO claim accrued no later than July 10, 2012" and request that my purported holding "should be reconsidered and changed until at least July 14, 2012 because of the fact that the earliest possible time in which constructive knowledge of the claim could have arisen appears to be on or about July 13, 2012, when the Wasendorf suicide note was first published or its contents reported." (*Id*. at 6.) Plaintiffs ignore what I actually held. The March '19 Opinion held that the RICO claim's limitations period "began to run at the earliest in October 2008," on the grounds that by then, "Plaintiffs knew that they had lost their money," and it further found that "by 2009, Plaintiffs were claiming that Peregrine's fraud was to blame for that loss" and had hired an attorney to aid them in their pursuit of relief from that alleged fraud.[4] 2019 WL 1437019, at *5–6. *See also Levy v. BASF Metals Ltd.*, 917 F.3d 106, 108 (2d Cir. 2019) ("The relevant inquiry, however, is not whether Levy had discovered the identity of the defendants or whether she had discovered the manipulation scheme she alleges in her complaint. Rather, the question is when Levy discovered her CEA injury—that is, a loss that was the result of a CEA violation."), *cert. denied*, 140 S. Ct. 536 (2019). Plaintiffs do not direct me to any "controlling decisions or data that [I] overlooked," *Analytical Surveys, Inc.*, 684 F.3d at 52

---

[3] I will not consider arguments raised for the first time in Plaintiffs' lengthy reply brief, (Doc. 260), because "arguments raised for the first time in reply briefs are waived," *UMS Sols. v. Cornell*, 17-CV-3119 (VSB), 2021 WL 3771982, at *3 (S.D.N.Y. Aug. 24, 2021) (alteration marks omitted) (quoting *RL 900 Park LLC v. Ender*, 18 Civ. 12121 (AT), 2020 WL 70920, at *4 (S.D.N.Y. Jan. 3, 2020)). This is particularly appropriate on a motion for reconsideration given the judicial system's concern for the "finality of decisions." *See Gen. Motors*, 2021 WL 1700318, at *1 (internal quotation marks omitted).

[4] I also stated that "the CEA and RICO limitations periods began to run . . . at the latest on July 10, 2012." March '19 Opinion, 2019 WL 1437019, at *6.

(internal quotation marks omitted), that would cause me to reconsider my decision that their claim accrued in 2008, or at minimum, by 2009 when they were pursuing a legal remedy for what they believed to be fraudulent misconduct that purportedly harmed them.

Perhaps Plaintiffs' strongest argument for reconsideration is their averment that "[e]ven assuming that the claim accrued in 2008, . . . Plaintiffs were well within their rights under the Inquiry Notice Rule" "since they could not be expected to have done more than what their then-lawyer . . . suggested and advised." (Doc. 241-1, at 10.)  "However, this is not an inquiry notice case."  *See Levy*, 917 F.3d at 109.  As I already held, Plaintiffs had "*actual* notice" of their injuries.  March '19 Opinion, 2019 WL 1437019, at *5.  Plaintiffs' argument is also not made within the boundaries of the motion for reconsideration standard.  Plaintiffs do not identify any "controlling decisions," *Analytical Surveys*, 684 F.3d at 52 (internal quotation marks omitted), where reliance on one's attorney alone rises to the "extraordinary circumstance[]" warranting equitable tolling, *Deskovic v. Mann*, 210 F.3d 354 (2d Cir. 2000) ("Attorneys' failure to comply with statutes of limitations due to their own neglect is no basis for equitable tolling.").  Further, Plaintiffs do not explain sufficiently what they mean when they state they "could not be expected to have done more" to timely file their claims, which leaves me unable to find that there is a "clear error" appropriate for correction under the "strict" standard governing their motion for reconsideration.  *Phx. Light*, 2020 WL 4699043, at *1 (internal quotation marks omitted).  And, even if it were appropriate for me to construe Plaintiffs' argument liberally at this late stage—which it is not, *see Analytical Surveys*, 684 F.3d at 52—I would still maintain my prior holding that Plaintiffs did not sufficiently plead facts to warrant equitable tolling, *see* March '19 Opinion, 2019 WL 1437019, at *7–8.  Not only did Plaintiffs fail to plead in the SAC—or bring to my attention now—"any steps they took to determine whether they had a claim . . . during the

6

limitations period," *id.* at *8, they have never identified what period of time should be equitably tolled due to "what their then lawyer" advised them. The Second Circuit "has repeatedly stated that a party seeking equitable tolling must show diligent pursuit of his claim *throughout the period he seeks to toll.*" *Harper v. Ercole*, 648 F.3d 132, 139 (2d Cir. 2011) (internal quotation marks omitted) (collecting cases). This at minimum requires me to know "the period" sought to be tolled. *See id.*

Plaintiffs' remaining argument is that I should have applied the doctrine set forth in *American Pipe & Construction Company v. Utah*, 414 U.S. 538 (1974), and its progeny, to find that Plaintiffs could proceed with their claims individually, even if they were time-barred from pursuing their claims on a class basis. (Doc. 241-1, at 12–18.) Plaintiffs never previously advanced this argument. Indeed, all they cite from the record to support this novel position is the case caption on the SAC, which contains the formulaic recital that Plaintiffs were suing "on behalf of themselves and [sic] all other similarly situated," (SAC at 1). (Doc. 241-1, at 15.) Additionally, Plaintiffs have not brought to my attention controlling authority that compels a finding that Plaintiffs may timely proceed on an individual basis with their otherwise time-barred claims even though they styled their case as one seeking class treatment.[5] Nor can Plaintiffs' arguments succeed given my prior finding that "*American Pipe* is not applicable to Plaintiffs" since they were not part of a prior "putative class." March '19 Opinion, 2019 WL 1437019, at

---

[5] Plaintiffs call a Second Circuit case from 1994 controlling authority, (*see* Doc. 241-1, at 17–18 (citing *Benfield v. Mocatta Metals Corp.*, 26 F.3d 19 (2d Cir. 1994))), but this case only states the general standard that tolling requires "sufficient commonality between [a defendant]'s alleged acts of . . . wrongdoing" in an earlier action and the "allegation[s]" made in a later action against that defendant, 26 F.3d at 23. "[U]nlike . . . *Benfield,* [Plaintiffs'] claims . . . involved different" theories of injury from those at issue "in the [prior] [c]lass [a]ction." *In re Bear Stearns Cos. Sec., Derivative, & ERISA Litig.*, 995 F. Supp. 2d 291, 303 (S.D.N.Y. 2014) (distinguishing *Benfield*), *aff'd sub nom. SRM Glob. Master Fund Ltd. P'ship v. Bear Stearns Cos. L.L.C.*, 829 F.3d 173 (2d Cir. 2016). As I have already held, while the prior class action involved "former customers of Peregrine . . . who have lost money as a result of the collapse of [Peregrine] in July 2012," (Pls.' Opp. 31–32), Plaintiffs "do not claim to have lost money as a result of the collapse of Peregrine in July 2012, but rather based on theft and trading losses ending no later than 2008," March '19 Opinion, 2019 WL 1437019, at *8.

7

*8 (internal quotation marks omitted).[6]

### B. *Defendants' Motions for Reconsideration*

Under Local Rule 6.3, a party must make its "motion for reconsideration . . . within fourteen (14) days [of] the entry of the Court's determination of the original motion." Here, the March '19 Opinion was entered on March 31, 2019, and the first Reconsideration Defendants made its cross-motion on May 16, 2019, (Doc. 248). Therefore, the fourteen-day time limitation was clearly exceeded here making the motions are thus untimely.

Although they acknowledge their untimeliness, the Reconsideration Defendants ask that I asses their arguments anyway since, they say, if I am "reconsidering one aspect of [the prior] dismissal" "at plaintiffs' [timely] request," then they "believe it is efficient and judicially proper" for me to consider other grounds for reconsideration as well. (*See* Doc. 262, at 1–2). Defendants fail to identify any case law that supports their argument. Because I hold that Plaintiffs' motion gives me no reason to alter my March '19 Opinion, and because only Plaintiffs timely moved for reconsideration, I find there is no legal basis for, and it would be improper to consider, the Reconsideration Defendants' untimely motions. Indeed, doing so would contravene principles of "ensur[ing] the finality of decisions," *Gen. Motors*, 2021 WL 1700318, at *1 (internal quotation marks omitted), as well as the principle that reconsideration "motions must be narrowly construed," with the standards governing them to be "strictly applied," *Farrar v. Michell*, 20-CV-3762 (LLS), 2021 WL 3722762, at *1 (S.D.N.Y. Aug. 20, 2021) (internal quotation marks omitted).

Moreover, the Reconsideration Defendants' argument that "subject-matter-jurisdiction

---

[6] Plaintiffs seem to concede that no controlling authority dictates the result they seek on reconsideration, because they argue that "*American Pipe* Tolling should have been liberally applied" by me previously, (Doc. 241-1, at 13), thereby acknowledging that their argument is one for an expansion of existing law for new circumstances, not the application of controlling law. As such, their argument is improper on a motion for reconsideration.

questions are always ripe," (Doc. 262, at 2), misses the nuances established in the case law. A more accurate formulation of the law is that "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 101 (2d Cir. 2015) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506 (2006)). "[B]ecause the limited subject-matter jurisdiction of the federal courts is a restraint on judicial power," a district court "must dismiss the action" "[i]f the court determines at any time that it lacks subject-matter jurisdiction." *Id.* (quoting Fed. R. Civ. P. 12(h)(3)). But the Reconsideration Defendants are not raising a concern that I have taken jurisdiction over matters not properly before me; instead, they are arguing the opposite: that I have jurisdiction, and for reasons not previously advanced at that. As such, they have not given compelling reasons for me to alter my March '19 Opinion by finding jurisdiction on a premise that no party previously advanced. Indeed, Reconsideration Defendants offer no argument as to why granting them dismissal of the state law claims with prejudice, as opposed to the dismissal without prejudice they have already secured, would serve to "prevent manifest injustice." *Phx. Light*, 2020 WL 4699043, at *1 (internal quotation marks omitted).

### III.     Conclusion

For the foregoing reasons, the motions for reconsideration are DENIED.  The Clerk of Court is respectfully directed to terminate the open motions on the docket and close this action.[7]

SO ORDERED.

Dated:  September 9, 2021
            New York, New York

_____
Vernon S. Broderick
United States District Judge

---

[7] In light of the March '19 Opinion, the SAC should be and hereby is dismissed against all Defendants, including the Non-Appearing Defendants, because the same legal deficiencies found in the March '19 Opinion leave Plaintiffs without "any legally cognizable claim" in this action.  See RSM Prod. Corp. v. Fridman, 643 F. Supp. 2d 382, 414 (S.D.N.Y. 2009) ("the relief against the defendants [should] be consistent" (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2690, at 75 (3d ed. 1998) ("[I]f the action is dismissed, it should be dismissed as to the defaulting party as well as the remaining defendants."))), aff'd, 387 F. App'x 72 (2d Cir. 2010).